UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WOODRUFF & SONS, INC.,

    Plaintiff,

v.                                                           CASE NO.: 8:13-cv-899-T-23MAP

CENTRAL MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

Invoking the declaratory judgment provisions of the Florida Statutes, Woodruff & Sons, Inc., sued Central Mutual Insurance Company in the Circuit Court for Hillsborough County. Central Mutual removes (Doc. 2) and asserts diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Woodruff moves (Doc. 19) to remand.

**BACKGROUND**

Woodruff constructed an allegedly defective seawall at an Apollo Beach "development community." Central Mutual is Woodruff's excess insurer. The community sued Woodruff in state court and claimed a breach of contract resulting from the alleged defect. Woodruff's primary insurer, Phoenix Insurance Company,

defends Woodruff in the ongoing defect action, *Harbor Bay Community Development District v. Woodruff & Sons, Inc.*, (Fla. 13th Cir. Ct.).[1] In a second action, Woodruff sued Central Mutual for a judgment declaring Central Mutual's duty to defend and indemnify Woodruff. Central Mutual removed. In February, 2012, Judge Bucklew stayed the "indemnity issue" until the earlier of (1) the resolution of the "duty to defend issue" or (2) the conclusion of the defect action. Two months later, in April, 2012, the parties stipulated to dismissal without prejudice. *Woodruff and Sons, Inc. v. Central Mutual Ins.*, 8:12-cv-0181-SCB-MAP.

Woodruff sues (Doc. 2) Central Mutual and seeks a declaration (1) that Central Mutual is an "Unauthorized Insurer" as defined in the Florida Statutes; (2) that Central Mutual has "transacted insurance" as an unauthorized insurer; (3) that Central Mutual's issuing an insurance policy "at a charged premium of $697,943 constitutes a first degree felony"; (4) that Central Mutual "has committed 'insurance fraud'"; (5) that two reservation of rights letters "were illegal transactions, and, if so, whether either of those . . . have any legal force or effect"; and (6) that Central Mutual "has [no] just cause or excuse which relieves it from the legal consequences of its unauthorized acts of 'transacting insurance' within the State of Florida." Woodruff also seeks "identification of each and every instance" in which

---

[1] *See Woodruff & Sons, Inc. v. Central Mutual Ins.*, 8:12-cv-0181-SCB-MAP, Joint Motion to Stay (Doc. 5 at 10).

Central Mutual "transacted insurance" as an unauthorized insurer.[2] The complaint emphasizes that this action is neither a "direct action" nor a "coverage action":

> [T]his not an action to establish coverage or otherwise a suit upon the Central Policy; rather, this action concerns the identification of those specific instances in which Central [Mutual] was 'transacting insurance' as an Unauthorized Insurer within the State of Florida. . . . Moreover, this action concerns the legal effect[], if any, of those identified acts committed by Central [Mutual] within the State of Florida.

(Doc. 2 at 12)

## DISCUSSION

Florida's declaratory judgment statute, Section 86.011, Florida Statutes, permits a Florida court to render a declaratory judgment about "any immunity, power, privilege, or right" and about a fact upon which the "immunity, power, privilege, or right" depends, regardless of whether "such immunity, power, privilege, or right now exists or will arise in the future." Narrower than Section 86.011, the federal declaratory judgment statute, 28 U.S.C. § 2201, limits a declaratory judgment to an "actual controversy," a limitation that echoes Article III of the U.S. Constitution. *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1945); *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985); *Bray v. Odyssey Marine Exploration, Inc.*, No. 8:06-

---

[2] Under Section 626.910, Florida Statutes, "any unauthorized insurer or person representing or aiding such insurer transacting insurance in this state . . . shall forfeit and pay to the state a civil penalty of not more than $1,000 for each non-willful violation, or not more than $10,000 for each willful violation, of any lawful order of the office or department or any provision of this code." Neither party identifies a private right of action. *See Lemy v. Direct General Finance Co.*, 885 F. Supp. 2d 1265 (M.D. Fla. 2012), *reconsideration denied*, 884 F. Supp. 2d 1236 (M.D. Fla. 2012).

cv-1685, 2012 WL 3541988 *3 n.3 (Aug. 15, 2012) (citing *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999)), *aff'd*, __ F. App'x __, 2013 WL 880074 (11th Cir. Mar. 11, 2013).

Unlike the Florida Constitution and the Florida declaratory judgment statute, Article III and Section 2201 prohibit an advisory opinion. *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (citing *United States v. Fruehauf*, 365 U.S. 146 (1961)). In other words, "[a] declaratory judgment must effect some immediate or imminent 'change' or redress some immediate or imminent injury." *Bray*, 2012 WL 3541988 at *4; *accord Kelly v. Harris*, 331 F.3d 817, 820-21 (11th Cir. 2003). In *Bray*, for example, a researcher of shipwrecked, undiscovered vessels contracted with Odyssey Marine Exploration, a salvage company. In exchange for Bray's research about the *Merchant Royal*, Odyssey gave Bray an entitlement to 7.5% of the salvage, if Odyssey found and salvaged the *Merchant Royal*. Some time after the execution of the contract, Bray and Odyssey entered an oral agreement, and Odyssey gave Bray $20,000 in exchange for a release of the initial contract. Shortly after, while the ship rested undiscovered somewhere on the bottom of the Atlantic Ocean, Bray sued for a judicial declaration (1) that the oral agreement was unenforceable and (2) that Bray maintained an entitlement to 7.5% of the salvage, as prescribed in the initial contract. Because the *Merchant Royal* remained undiscovered, Bray failed to identify an "injury" sufficiently "immediate or real" and redressable by a declaratory judgment. In other words,

"Bray [sought] a premature and hypothetical declaratory judgment to pre-empt Odyssey's contingent defense in Bray's contingent lawsuit to establish Bray's contingent entitlement to a 7.5% share in the event of the contingent salvage of the *Merchant Royal*." *Bray*, 2012 WL 3541988 at *4.

The primary and most apparent defect in removal is the complaint's and the notice of removal's failure to allege a "case or controversy." Although bearing the burden of establishing a "case or controversy," Central Mutual confirms the absence of an immediate consequence resulting from a declaratory judgment:

> Woodruff is asking this Court to determine whether the reservation of rights letters sent in response to the tender of the *Harbor Bay* lawsuit have any legal force and effect. . . . If it is determined that such letters have no legal force and effect, then Central Mutual may be determined to have waived its right to dispute coverage and be required to indemnify Woodruff for the *Harbor Bay* lawsuit, which seeks in excess of $44 million.
>
> Further, Woodruff is also seeking a determination as to whether Central Mutual's investigation into the *Harbor Bay* lawsuit has any legal force or effect on a claim for statutory and/or common law duty of good faith and fair dealing. Essentially, Woodruff is looking for this Court to determine whether Central Mutual's alleged unauthorized transactions set a basis for a bad faith insurance claim.
>
> . . .
>
> Woodruff is seeking to deprive Central Mutual of any coverage defenses to the *Harbor Bay* lawsuit before commencing a coverage action against Central Mutual. If Woodruff is not seeking to deprive Central Mutual of its coverage defenses, then one might well inquire: is Woodruff actually seeking any relief in this lawsuit?

(Doc. 23 at 3-5)  Woodruff asks for a court to forage in an investigative or inquisitorial manner among an array of events in the history of Woodruff's dealings with Central Mutual and to legally characterize each event.  Woodruff hopes to advantageously deploy the legal characterization against Central Mutual to pre-empt or defeat prospective defenses in a prospective lawsuit involving prospective claims.  The Florida declaratory judgment provisions might permit an engagement of this sort, but, needless to say, no "case or controversy" arises in an action to declare ineffective a prospective defense to a prospective action involving prospective claims.  *Coffman*, 323 U.S. at 324 ("The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen."); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 139 (2007) (Thomas, J., dissenting) ("No controversy exists when a declaratory judgment plaintiff attempts to obtain a premature ruling . . . typically adjudicated in a future actual controversy."); *Bray*, 2012 WL 3541988 at \*4.  If the action is never filed, no need exists to determine any of these things; if the action is filed, the merit of a claim or defense is rightly determined in the action in a concrete, adversarial, and complete form.  A declaratory judgment in favor of either Woodruff or Central Mutual renders an advisory opinion; Central Mutual fails to establish a "case or controversy" under Article III.

A determination that a "case or controversy" exists necessarily precedes a determination of the amount in controversy or the diversity of the citizenship of the parties to the controversy.  In other words, if an action presents no "controversy," the action presents no "amount in controversy," and the citizenship of persons is inconsequential.  However, even if the present matter presents a "case or controversy" under Article III, for the reasons stated in Woodruff's motion to remand, Central Mutual fails also to establish an "amount in controversy" in excess of $75,000.

## CONCLUSION

Woodruff's motion to remand (Doc. 19) is **GRANTED**, and this action is **REMANDED** under 28 U.S.C. § 1447(c).  The clerk is directed (1) to mail a certified copy of this order to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on July 17, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE